# THE LAW FIRM OF
# CÉSAR DE CASTRO, P.C.
ATTORNEY AT LAW

7 World Trade Center, 34th Floor
New York, New York 10007

646.200.6166 Main
212.808.8100 Reception
646.839.2682 Fax
www.cdecastrolaw.com

October 8, 2020

**SO ORDERED.**

_____
Barbara Moses
United States Magistrate Judge
October 8, 2020

*Via* **ECF and E-Mail**

The Honorable Barbara Moses
United States Magistrate Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *United States v. Maria Burgos,* 20 Mag. 10487
     Request for Release Pending Trial

Dear Judge Moses:

With this joint letter, the parties respectfully request that the Court release Mr. Maria Burgos pending trial. Mr. Burgos is not an unreasonable risk of flight or a danger to the community.

Pretrial detention is confined to a "limited group of offenders." *See United States v. Saehan*, 493 F.3d 63, 75 (2d Cir. 2007) (citing *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S.Rep. No. 98-225, at 7 (1984), as reprinted in 1984 U.S.C.C.A.N. 3182, 3189)). Bail should only be denied in "extreme cases." *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986) (citing *United States v. Abrahams*, 575 F.2d 3 (1st Cir. 1978)).

Judges deciding whether to grant or deny a defendant release pending trial are "well to remember the magnitude of the injury that pretrial detention inflicts and the departure that it marks from ordinary forms of constitutional governance." *United States v. Montalvo-Murillo*, 495 U.S. 711, 723 (1990) (Stevens, J., dissenting, joined by Brennan and Marshall, JJ.). In determining whether "there are conditions of release that will reasonably assure the appearance of the person and the safety of the community, the court is to consider the factors laid out in section 3142(g) of the Bail Reform Act, 18 U.S.C. §§ 3141, et seq. Critically, "[t]he law requires reasonable assurance but does not demand absolute certainty, which would be only a disguised way of compelling commitment in advance of judgment." *United States v. Alston*, 420 F.2d 176, 178 (D.C. Cir. 1969).

The factors set forth in the Bail Reform Act are: (1) the history and characteristics of the defendant; (2) the nature and circumstances of the offense; (3) the weight of the evidence; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Even if a defendant is facing a mandatory minimum sentence if convicted, that fact does not justify his detention when, like here, the defendant presents the Court with evidence of his roots in his community.  *See United States v. Martir*, 782 F.2d 1141, 1146 (2d Cir. 1986); *see also Friedman*, 837 F.2d at 50.  Once the defendant satisfies this burden of production, the presumption in favor of detention is considered rebutted but remains a factor to be considered among those weighed by the district court.  *See United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011).

In this case, the parties agree that Mr. Maria Burgos does not pose a danger to the community and the proposed bail package is sufficient to overcomes the risk of his non-appearance.  Mr. Maria Burgos has sufficient ties to the United States and his community.  Four of Mr. Maria Burgos's children live in the New York City area and the other lives in Texas.  He has been living in the United States and prior to his arrest, he was living with his girlfriend who also employed him as an assistant.  His girlfriend is willing to continue to employ him and co-sign his bond in order to ensure his return to this Court.  Accordingly, the parties propose that Mr. Maria Burgos be released pending trial on the following conditions:

- $50,000 personal recognizance bond;
- Secured by one financially responsible co-signer;
- Pretrial Services supervision as directed;
- Surrender of all travel documents;
- Make no new travel applications;
- Travel limited to the Southern and Eastern Districts of New York;
- Release on Mr. Maria Burgos's signature;
- One week to meet the remaining bail conditions.

The parties agree that the above bail package will adequately ensure Mr. Burgos's appearance and the safety of the community.

Respectfully submitted,

/s/

César de Castro


cc:   Brandon Harper
      (Assistant United States Attorney *via* ECF)